UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

**12 CIV 9046**

KARL VANDERWOUDE,

                              Plaintiff,   JUDGE KOELTL   **COMPLAINT**

- against -

                              Plaintiff Demands
                              Trial by Jury

THE CITY OF NEW YORK, DETECTIVE MICHAEL RAMA, AND
POLICE OFFICER JANE DOE #1.

                              Defendants.
------------------------------------------------------------X

Plaintiff complaining of the defendants by his attorneys, TUMELTY & SPIER, LLP, hereby allege, upon information and belief, as follows:

## PREAMBLE

1. This is an action to redress the deprivation by the defendants of the rights secured to the plaintiff by the Constitution and laws of the United States and the State of New York.

2. Jurisdiction of this Court is invoked under the provisions of Sections 1331, 1343(3), and 1367(a) of Title 28, United States Code and pursuant to Sections 1983 and 1988 of Title 42, United States Code.

3. Venue is placed in the Southern District of New York because it is the District where the majority of the claimed acts and omissions occurred.

## THE PARTIES

4. The plaintiff was and still is an adult resident of the State of New York.

5. The defendant DETECTIVE MICHAEL RAMA, a police officer employed by the New York Police Department, ( hereafter "DETECTIVE RAMA") is an adult resident of the State of New York.

1

6. That DETECTIVE MICHAEL RAMA, upon information and belief, was assigned to the Sex Crimes Unit of the New York City Police Department, at all times herein mentioned.

7. At all relevant times Defendant DETECTIVE MICHAEL RAMA was employed as a New York City Police Detective and was employed by the Defendant City of New York.

8. At all relevant times hereinafter mentioned, the defendant DETECTIVE MICHAEL RAMA was and is an employee of the Defendant CITY OF NEW YORK.

9. That at all times hereinafter mentioned, defendant DETECTIVE MICHAEL RAMA was acting within the scope of his employment and in the furtherance of his duties with the CITY OF NEW YORK.

10. Defendant DETECTIVE MICHAEL RAMA is sued only in his individual capacity.

11. At all times hereinafter mentioned, defendant DETECTIVE MICHAEL RAMA was acting under color of law, to wit: the laws of the State of New York and City of New York.

12. The defendant P.O. JANE DOE #1 is an adult resident of the State of New York.

13. That P.O. JANE DOE #1, a fictitious name for a person currently unidentified by name, upon information and belief, was assigned to the Sex Crimes Unit of the New York City Police Department.

2

14. At all relevant times P.O. JANE DOE #1 was employed as a New York City Police Officer or Detective and was employed by the Defendant City of New York.

15. At all relevant times P.O. JANE DOE #1 was working as a partner to DETECTIVE MICHAEL RAMA.

16. At all relevant times hereinafter mentioned, the defendant P.O. JANE DOE #1 was and is an employee of the Defendant CITY OF NEW YORK.

17. That at all times hereinafter mentioned, defendant P.O. JANE DOE #1 was acting within the scope of her employment and in the furtherance of her duties with the Defendant CITY OF NEW YORK.

18. Defendant P.O. JANE DOE #1 is sued only in her individual capacity.

19. At all times hereinafter mentioned, defendant P.O. JANE DOE #1 was acting under color of law, to wit: the laws of the State of New York and City of New York.

20. At all times mentioned in this Complaint, the individual defendants acted jointly and in concert with one another. Each defendant had the duty and the opportunity to protect the Plaintiff from the unlawful actions of the other defendants, namely the unlawful arrest, assault, battery, and violation of civil rights, but each defendant failed and refused to perform such duty, thereby proximately causing the plaintiff's injuries.

**PROCEDURAL HISTORY**

21. That a Notice of Claim regarding the acts herein was served upon Defendant THE CITY OF NEW YORK on July 11, 2012, within ninety days of the occurrence.

22. That on August 14, 2012, the Plaintiff was examined by the Defendant THE CITY OF NEW YORK at a hearing pursuant to General Municipal Law 50-H.

23. That more than thirty days has elapsed since the serving of the Notice of Claim and the Defendant THE CITY OF NEW YORK has not settled or resolved the claims.

24. That this action is being served within one year and ninety days of the accrual of the action.

## FACTS COMMON TO ALL CAUSES OF ACTION

25. On April 12, 2012 at approximately 4:00pm Plaintiff was present in his apartment located at 176 Prospect Park West, Brooklyn, New York.

26. At that date, time, and location Plaintiff was not engaged in any unlawful or criminal acts.

27. That Defendants DETECTIVE MICHAEL RAMA and P.O. JANE DOE #1 arrived at Plaintiff's apartment and spoke with Plaintiff regarding Plaintiff's knowledge of a photo image displayed to Plaintiff.

28. That Plaintiff did not know or have information regarding the identity of the person displayed in the photographic image.

29. That Plaintiff was not the person depicted in the photographic image.

30. That Defendants Detective Michael Rama and P.O. JANE DOE #1 requested that Plaintiff accompany them to a police precinct in Manhattan where the Sex Crimes Unit is located.

31. That Plaintiff voluntarily agreed to assist the Defendants Detective Michael Rama and P.O. JANE DOE #1 and left with them to the special victims squad in Manhattan New York.

32. That at the Precinct the police officers removed Plaintiff's blackberry smart phone from Plaintiff.

33. That despite Plaintiff being gainfully employed with set work hours, that no police officer ever contacted Plaintiff's employer or employment location.

34. That despite being in possession of Plaintiff's telephone and electronic calendar no police officer checked for Plaintiff's prior commitments.

35. That Plaintiff was in possession of a metro card at the time he was brought to the Precinct.

36. That Plaintiff's metro card did not contain electronic information placing Plaintiff at any of the subject locations but rather placed Plaintiff at different locations, or was not used during the relevant times.

37. That there were recorded images of the actual perpetrator available to the police at the time that Plaintiff was at the Police Precinct.

38. That Plaintiff did not resemble the perpetrator of the offenses as depicted in the visual images.

39. That Plaintiff denied being the perpetrator of any of the claimed offenses.

40. That Plaintiff had no criminal record at the time he was placed in custody by the police.

41. That Plaintiff had an excellent reputation for truth and veracity at the time that Plaintiff was stopped by the police.

42. That Plaintiff was prevented from calling friends, family or others for assistance or to notify concerned individuals about his whereabouts while being held by the police.

43. That Plaintiff's cell phone, wallet and keys were taken from Plaintiff by Detective Rama.

44. That Plaintiff was placed in an interrogation room and the door to the room kept Plaintiff locked in the room.

45. That Plaintiff was not free to leave and a reasonable person in Plaintiff's position would have believed that they were in custody and not free to leave.

46. That Plaintiff was confined.

47. That Plaintiff was conscious and aware of his confinement.

48. That Detective Rama and P.O. JANE DOE #1 told Plaintiff that they believed that Plaintiff was the perpetrator of the offenses and that Plaintiff was lying to them by denying involvement in the crimes.

49. That Detective Rama refused Plaintiff access to his smart phone to check Plaintiff's past calendars.

50. That Detective Rama showed Plaintiff another video depiction of the perpetrator and a video tape that looked like store surveillance footage.

51. That Plaintiff again informed Detective Rama that the person in the images was not Plaintiff, and that plaintiff did not own clothes as worn by the perpetrator on the store video footage and that Plaintiff had not been in such a store as depicted in the footage.

52. That Plaintiff worked in an office from between 7:45 am - 8 am until 6:30 to 8:00 pm on business days and ate lunch in his employment.

53. That there is video surveillance in Plaintiff's employment and in the building where the Plaintiff's employer is located.

54. That Plaintiff used electronic swipe access at his employment.

55. That Plaintiff's cell phone did not have an extendable light as described by the victims of the assaults.

56. That Plaintiff's cell phone contained no video footage depicting any assault, when a victim had described such footage as being taken by the assailant.

57. That Defendants Detective Michael Rama and P.O JANE DOE #1 did not speak with Plaintiff's employer or co-employees prior to arresting Plaintiff.

58. That Defendants Detective Michael Rama and P.O JANE DOE #1 did not speak with Plaintiff's family, friends or acquaintances prior to arresting Plaintiff.

59. That Defendants Detective Michael Rama and P.O. JANE DOE #1 did not check with any other source regarding Plaintiff's whereabouts on the dates and times in question.

60. That Defendants Detective Michael Rama and P.O.JANE DOE #1 placed Plaintiff in several lineups.

61. That Plaintiff was formally told that Plaintiff was under arrest.

62. That Plaintiff was handcuffed.

63. That Plaintiff was held in a cell.

64. That despite having photographs and/ or visual depictions depicting the actual perpetrator in their possession which photographs and / or visual depictions clearly eliminated Plaintiff as a subject for these offenses that Defendants Detective Michael Rama and P.O JANE DOE #1 formally charged Plaintiff as a serial sex offender.

65. That, upon information and belief, Plaintiff was not identified as the perpetrator by one or more victims who viewed lineups.

66. That Plaintiff was transported to central booking in Manhattan New York.

67. That the Individual Defendants and other members of the police department arranged multiple viewing and recording opportunities of Plaintiff by the media while leaving the sex crimes unit and arriving at and entering central booking.

68. That Plaintiff was held for several more hours before seeing a Judge for arraignment.

69. That at arraignment Plaintiff was charged as a serial sex offender.

70. That Plaintiff's arraignment was videotaped and played on the television news and over the internet.

71. That Plaintiff had been held in custody for approximately twenty seven hours before his release.

72. That there was widespread print media coverage of Plaintiff's arrest and prosecution.

73. That Plaintiff's family, friends, co workers, business clients, neighbors and acquaintances saw, read, or heard about the arrest and the charges.

74. That Plaintiff's apartment was surrounded by the media after Plaintiff's arraignment.

75. That after his arraignment Plaintiff was unable to return home due to the notoriety of the charges.

76. That Plaintiff had to disguise his appearance to avoid being recognized as the alleged serial groper.

77. That Plaintiff was asked to stay away from his employment during the initial two weeks after his arrest.

78. That the charges remained pending against Plaintiff until May 7, 2012 at which time the charges were officially dismissed and the District Attorney exonerated Plaintiff as being the perpetrator of these crimes.