79.     That the NYPD executed a search warrant on Plaintiff's apartment and recovered no incriminating evidence against Plaintiff.

80.     That Defendants Detective Michael Rama and P.O. JANE DOE #1 and/ or other members of the New York City Police Department contacted the news media to announce and publicize Plaintiff's arrest.

81.     That Defendants Detective Michael Rama and P.O. JANE DOE #1 arranged for opportune times to transport Plaintiff so that Plaintiff could be seen, photographed and videotaped in handcuffs in police custody.

82.     That the NYPD made public statements that Plaintiff was a serial groper of women wanted for attacks on women in New York City.

83.     That Defendants DETECTIVE MICHAEL RAMA and P.O. JANE DOE #1 caused criminal charges to be brought against Plaintiff.

84.     That Plaintiff was charged with violating section of the New York State Penal Law , specifically, Forcible Touching ( P.L. 130.52); Sexual Abuse in the Third Degree ( P.L. 130.55) and Unlawful Surveillance in the Second Degree (P.L. 250.45 (4)).

85.     That Plaintiff was innocent of said charges.

86.     That Defendants knew or should have known that Plaintiff was innocent of these charges.

87.     That under the totality of the circumstances there was no reasonable cause to believe that Plaintiff had committed any of the offenses charged.

88.     That defendants brought these charges with malice and with gross disregard for the rights of Plaintiff and for the truth.

89.     That Defendants superiors ratified the unlawful actions of the Defendants.

90.    That Defendant CITY of NEW YORK caused allowed and permitted the unlawful acts to occur and condoned and ratified this policy and practice by the New York City Police Department.

91.    That Plaintiff sustained damage to Plaintiff's reputation by the false and defamatory statements and actions by the Defendants.

92.    That Plaintiff sustained mental suffering and emotional impairment from the acts of the Defendants.

93.    That the above acts and omissions deprived Plaintiff of his civil rights under the United States Constitution and New York State Constitution.

94.    There was no legal justification or excuse for the unlawful arrest, assault, and battery of Plaintiff by the Defendants.

## AS AND FOR A FIRST CAUSE OF ACTION FOR VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 USC § 1983.

95.    Plaintiff repeats and reiterates the preceding paragraphs as if fully set forth.

96.    As the result of the foregoing, plaintiff feared for his personal safety, was deprived of his liberty, was humiliated and embarrassed, suffered from shock and personal injuries, damages and was prevented from performing his usual and customary duties.

97.    The acts of the aforesaid defendants violated the rights granted to plaintiff pursuant to the Fourth and Fourteenth Amendments to the United States Constitution. As such, plaintiff seeks relief pursuant to 42 U.S.C. § 1983.

## AS AND FOR A CAUSE OF ACTION FOR VIOLATION OF NEW YORK STATE CONSTITUTIONAL RIGHTS.

98.    Plaintiff repeats and reiterates the preceding paragraphs as if fully set forth.

10

99.    The acts of the aforesaid defendants violated the rights granted to the plaintiff pursuant to Article 1, §12 of the New York State Constitution and the common law of the State of New York . As such, plaintiff seeks relief against the defendants. This Court has jurisdiction over this claim pursuant to its supplementary jurisdiction granted pursuant to 28 U.S.C. § 1367(a).

### AS AND FOR A CAUSE OF ACTION FOR VIOLATION OF STATE LAW ASSAULT AND BATTERY CLAIMS.

100.    Plaintiff repeats and reiterates the preceding paragraphs as if fully set forth.

101.    The acts of the aforesaid defendants constitute assault and battery against Plaintiff.

102.    As such, plaintiff seeks relief against the defendants. This Court has jurisdiction over these claims pursuant to its supplementary jurisdiction granted pursuant to 28 U.S.C. § 1367(a).

### AS AND FOR A CAUSE OF ACTION FOR NEGLIGENCE AND GROISS NEGLIGENCE UNDER NEW YORK STATE LAW.

103.    Plaintiff repeats and reiterates the preceding paragraphs as if fully set forth.

104.    The acts and omissions of the aforesaid defendants constitute negligence and gross negligence in their handling of the investigation, detention, arrest and criminal prosecution of the Plaintiff.

105.    As such, plaintiff seeks relief against the defendants. This Court has jurisdiction over these claims pursuant to its supplementary jurisdiction granted pursuant to 28 U.S.C. § 1367(a).

11

## AS AND FOR A CAUSE OF ACTION FOR FALSE ARREST.

106.    Plaintiff repeats and reiterates the preceding paragraphs as if fully set forth.

107.    That the actions of the Defendants caused the false arrest of Plaintiff.

108.    As such, plaintiff seeks relief against the defendants. This Court has jurisdiction over these claims pursuant to its supplementary jurisdiction granted pursuant to 28 U.S.C. § 1367(a).

## AS AND FOR A CAUSE OF ACTION FOR MALICIOUS PROSECUTION.

109.    Plaintiff repeats and reiterates the preceding paragraphs as if fully set forth.

110.    The acts and omissions of the aforesaid defendants were done with malice and with knowledge of the falsity of the claims or with reckless disregard for the truth of the claims made.

111.    That Plaintiff sustained damage by the continued prosecution of the claims against Plaintiff, where no probable cause , or good faith basis, existed initially, or continued to exist, for the criminal  prosecution of the Plaintiff.

112.    As such, plaintiff seeks relief against the defendants. This Court has jurisdiction over these claims pursuant to its supplementary jurisdiction granted pursuant to 28 U.S.C. § 1367(a).

## AS AND FOR A CAUSE OF ACTION FOR LIBEL/ DEFAMATION.

113.    Plaintiff repeats and reiterates the preceding paragraphs as if fully set forth.

114.    The acts and omissions of the aforesaid defendants were done with malice and with knowledge of the falsity of the claims or with reckless disregard for the truth of the claims made.

12

115.   That Plaintiff sustained damage by the continued prosecution of the claims against Plaintiff, where no probable cause , or good faith basis, existed initially, or continued to exist, for the criminal  prosecution of the Plaintiff.

116.   As such, plaintiff seeks relief against the defendants. This Court has jurisdiction over these claims pursuant to its supplementary jurisdiction granted pursuant to 28 U.S.C. § 1367(a).

## ARTICLE 16 IS INAPPLICABLE TO INSTANT ACTION

117.   The provisions of Article 16 to the CPLR of the State of New York do not apply to the instant action.

118.   The Individual defendants acted with intent.

119.   The Individual defendants acted knowingly or intentionally, jointly, in concert, and in a conspiracy to "cover-up" the unlawful acts of the defendants and to otherwise deprive plaintiff of due process of law, to cause the acts or failures upon which liability is based.

WHEREFORE, Plaintiff demands judgment against the defendants as follows:

( I)   Compensatory damages in an amount that is just, reasonable, and fair;

(ii)   Punitive damages, against the individual defendants, in an amount that is just, reasonable, and fair;

(iii)   Attorneys' fees and the costs of this action;

(iv)   Such other relief as is fair, just, or equitable.

13

Dated: New York, New York
           December 12, 2012

                                          BY:

                                               John Tumelty (JT2840)
                                               Tumelty & Spier, LLP
                                               Attorneys for Plaintiff
                                               160 Broadway, Suite 708
                                               New York, New York 10038
                                               (212) 566-4681
                                               Fax (212) 566-4749
                                               e-mail johntslaw@aol.com

                                                                        14

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK,

-------------------------------------------------X

KARL VANDERWOUDE,

                    Plaintiff,

-against-

THE CITY OF NEW YORK, DETECTIVE MICHAEL
RAMA, AND POLICE OFFICER JANE DOE #1,

                    Defendants.

-------------------------------------------------X

**COMPLAINT.**

-------------------------------------------------

SIGNATURE, John Tumelty (JT2840)
_____

**Tumelty & Spier, LLP**
*Attorneys for Plaintiff*
**160 Broadway, Suite 708**
**New York, New York 10038**
**(212) 566-4681**
**Fax (212) 566-4749**